UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GUY ZERINGUE, III**    **CIVIL ACTION NO.:**
                         **2:22-cv-1861**

**VERSUS**

**SUN LIFE ASSURANCE COMPANY
OF CANADA**

## COMPLAINT

### I.   PARTIES

1. Plaintiff, **GUY ZERINGUE, III**, is a person of the full age of majority, and a resident of Lafourche Parish, Louisiana.

1. Defendant, **SUN LIFE ASSURANCE COMPANY OF CANADA** ("SUN LIFE"), is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

### II.   JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

### III.   FACTS AND ALLEGATIONS

5. Plaintiff at all material times was employed as an Otolaryngologist for Southern ENT Associates, Inc. (not a defendant) and a beneficiary and participant in its employee benefits plan ("the Plan"), administered for participating employees in the state of Louisiana and elsewhere.

6. Defendant, **SUN LIFE**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with Southern ENT Associates, Inc. and the Plan to insure the Plan and provide certain claims services relevant here.

7. Defendant, **SUN LIFE**, insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

8. Defendant, **SUN LIFE**, acted at all times as fiduciary of the Plan by virtue of being under contract with the Plan, the Plan Administrator of the Plan, and Southern ENT Associates, Inc. to act as claims administrator for the Plan, determine eligibility for benefits under the Plan, and provide insurance for disability benefit payment obligations under the Plan.

9. Among other benefits, the Plan provided disability benefits.

10. Beginning October 7, 2020, Plaintiff became disabled from his own former occupation as defined by the Plan and the Policy for a certain period of time following that date during which disability benefits were owed by the Plan and Policy, but not paid, as a result of disabling medical conditions including adenocarcinoma colon/hepatoxicity, GERD, dyspepsia, and Graves' disease.

11. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and Policy terms, Defendant, **SUN LIFE**, prematurely, arbitrarily and capriciously misinterpreted the terms and provisions of the Plan and Policy, and made erroneous factual findings to discontinue and deny Plaintiff's benefits.

12. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan and the Policy.

13. Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan and the Policy against Defendant **SUN LIFE**.

14. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant **SUN LIFE**.

15. The standard of review of Plaintiff's claims herein is *de novo*, by virtue of no grant of discretionary authority being properly vested in the ultimate claim decision maker.

**WHEREFORE**, Plaintiff **GUY ZERINGUE, III**, prays for judgment against Defendant, **SUN LIFE ASSURANCE COMPANY OF CANADA** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant